JOSHUA S. LIPSHUTZ, SBN 242557
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone: 415-393-8200
Facsimile:   415-393-8306

WILLIAM E. THOMSON, SBN 187912
wthomson@gibsondunn.com
TIAUNIA HENRY, SBN 254323
thenry@gibsondunn.com
ABBEY HUDSON, SBN 266885
ahudson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:   213.229.7520

Attorneys for FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In Re* Ex Parte Application of<br><br>SAM RAINSY, an individual residing in France,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from<br><br>FACEBOOK, INC.,<br><br>Respondent,<br><br>For Use in Connection with Foreign Proceedings. | Case Number: 3:18-mc-80024-SK<br><br>**DECLARATION OF SIN SOPUTHI IN SUPPORT OF OPPOSITION TO § 1782 APPLICATION**<br><br>The Honorable Judge Sallie Kim<br><br>Application Filed:  February 8, 2018 |

I, Sin Soputhi, declare as follows:

1. I am an attorney at law admitted to practice before Cambodian courts, and am an attorney at the law firm of Sin & Partners, located at Villa No. 6R, Street 208, Sangkat Boeung Raing, Khan Daun Penh, Phnom Penh, Cambodia. I regularly advise clients on litigation matters in Cambodia. I have a Masters Degree in Private Law from the Royal University of Law and Economics in Cambodia, a Bachelors Degree in Law from the Royal University of Law and Economics in Cambodia, and a Bachelors Degree in Private Law from the University of Lumière Lyon 2 in France. I speak both Khmer and English. I make this declaration upon personal knowledge and could and would competently testify to the matters below if called to do so.

2. I understand that Facebook, Inc. intends to oppose Sam Rainsy's application requesting discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782. In the Application and Declaration of Sam Rainsy ("Mr. Sam"), a number of assertions are made about legal proceedings in Cambodia and matters of Cambodian law.

3. The application asserts that the requested discovery would aid in four alleged Cambodian proceedings: (1) a civil defamation action filed on or about March 10, 2016, for posting that millions of Hun's Facebook "likes" were deceptively generated by "click farms"; (2) a criminal defamation and "incitement" action filed on or about August 1, 2016, for posting on his Facebook page that the murder of Dr. Kem Lay was a government-ordered assassination; (3) a criminal defamation action filed on or about January 17, 2017, at the behest of a Cambodian celebrity after posting information showing that the celebrity had been bribed by Hun's associates to voice support for the government; and (4) a criminal "incitement" action filed on or about December 7, 2017, based on statements posted to his Facebook page urging Cambodia's military to cease use of deadly force against peaceful protesters.

4. Based on the information contained in Mr. Sam's application and my knowledge and understanding of Cambodian law, and for the reasons set forth below, I am unable to determine whether Mr. Sam would be able to use the sought-after discovery in the alleged proceedings he identifies in his application.

**Mr. Sam Likely Has Access to Court Records in the Alleged Proceedings**

5. Records of a Cambodian court are not available to the public. However, under Article 482 of the Criminal Procedure Code, the parties receive notification letters regarding the court's decisions. If Mr. Sam received such a letter, it would confirm the status of the legal proceedings against him. In addition, Article 258 of the Civil Procedure Code permits a party to request the court to allow a viewing or copying of case records, to deliver true copies or certified copies of documents, or to deliver a certificate of matters related to the action.

6. Cambodian cases can be identified by unique information set out in a block in the top left hand side of any official court document. This block generally states the name of the court, whether the case is criminal or civil, the case number, and the date the case was opened. A judgment or verdict will receive its own number, but will always include the above information.

7. Based on the limited information Mr. Sam has provided in the application, I am unable to determine the precise issues at stake in any of the alleged proceedings or whether any of the proceedings are currently pending. Although the media has reported on several of the cases Mr. Sam describes in his application, it is not possible to draw legal conclusions or verify the accuracy of the information in those articles without access to the official court records.

**There Are Various Stages of Appeal in Cambodian Courts and They Each Have Different Procedural Rules**

8. There are various stages of appeal in the Cambodian judicial system and it is unclear from Mr. Sam's application whether any of Mr. Sam's appeals are pending or at what stage they currently stand.

9. Each stage of appeal has different rules with respect to the introduction of evidence.

10. In the absence of official court records, it is not possible to conclusively determine the status of Mr. Sam's appeals, if any, and I therefore cannot provide an opinion on whether the documents he seeks would be useable or useful in any pending appeal.

**There is No Statutory Defense of Truth to a Defamation Claim**

11. Cambodia is a civil law system, and Cambodian courts do not regularly publish their decisions. Under this system, the text of the applicable statutes and regulations, rather than

decisional law, primarily governs whether Cambodian law recognizes a defense to civil or criminal liability.

12. "Defamation" is defined under Article 305 of Cambodia's Criminal Code as "[1] an exaggerated claim, not true and without proof, or [2] an accusation made in bad faith that tends to affect the honor or reputation of a person or an institution." Mr. Sam has not described the exact nature of the defamation charges or convictions in the alleged Cambodian proceedings, including, for example, which prong of Article 305 is implicated in each proceeding. Thus, I am unable to assess the relevance of the requested discovery in defending against or appealing the underlying defamation charges and convictions.

13. Under Cambodian law, there is no legal definition of the term "bad faith." I am not aware of any decision by Cambodian courts interpreting the term or providing any analysis of it. The Khmer word for "bad faith" used in Article 305 of the Criminal Code means "with sinful, impure or evil intention." As such, a Cambodian court might determine that a person who is speaking truthfully is still acting in "bad faith" for purposes of committing defamation under Article 305.

14. There are no statutory defenses specific to defamation under Cambodian law.

15. The plain text of Articles 31 and 41 of the Cambodian Constitution do not specifically address whether truth is a defense to defamation.

16. Ambiguities in Cambodian statutes and regulations are not generally clarified or resolved by the courts, and it can be difficult to predict how the courts will treat similar situations in separate cases. However, in my opinion, even if Mr. Sam's speech was indeed truthful, a Cambodian court likely would not construe Articles 31 or 41 of the Cambodian Constitution as immunizing truthful speech from liability. Article 31 of the Constitution does not discuss freedom of speech. Article 41 of the Constitution only establishes a basic freedom of opinion in general terms, subject to limitations, including respect for other persons' rights and dignity, public order and national security.

### There Are Several Types of "Incitement" Offenses under Cambodian Law

17. The Cambodian Criminal Code fails to specifically define the term "incitement," and there is no specific offence of "incitement" (either for civil or criminal actions).

18. The Criminal Code sets out a number of offenses that include incitement. These include Inciting People to Take Arms Against the State Authority (Article 464); Inciting People to Take Up Arms Against Part of the Population (Article 465); Inciting Soldiers to Serve Foreign Power (Article 468); Inciting Military Personnel to be Disobedient (Article 471); Incitement to Obstruct a Public Official (Article 505); Incitement to Commit Felony (Article 495); and Incitement to Discriminate (Article 496).

19. These offenses fail to define "incitement," and the elements of the offense are uncertain.

20. Under Cambodian law, there is no statutory defense to incitement.

**Cambodian Privilege Law May Prevent the Production of Mr. Sam's Requested Information**

21. Cambodian evidentiary rules provide for certain privileges that allow a holder of documents to refuse to produce those documents. Article 150 of the Civil Procedure Code provides that "[t]he holder of a document may refuse the submission thereof if the document . . . involves the official secrets of a public official, where submission of such document would significantly hinder the exercise of public duties." Thus, under certain circumstances, Article 150 prevents the holder of a document containing state secrets from being forced to turn over the document. Any person who holds such a document may exercise the privilege.

22. As a practical matter, a Cambodian court would likely be required to obtain an approval from the concerned governmental agency for using any documentary evidence that involves official secrets of a public official that, if disclosed, would hinder the exercise of public duties.

23. I understand that Mr. Sam is requesting documents related to Government Officials' communications and activities on Facebook. I have no knowledge of the contents of those communications. Based on my understanding of Cambodian law, however, and depending on the contents of the documents Mr. Sam is seeking, a Cambodian court might conclude that Facebook is not required to turn over such documents if they implicate state secrets.

24. Attached hereto as Exhibit A is a true and correct translated copy of excerpts of the Code of Civil Procedure of Cambodia.

25. Attached hereto as Exhibit B is a true and correct translated copy of excerpts of the Criminal Code and the Code of Criminal Procedure of Cambodia.

26. Attached hereto as Exhibit C is a true and correct translated copy of excerpts of the Constitution of the Kingdom of Cambodia.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 1, 2018 at Phnom Penh, Cambodia.

SIN SOPUTHI
SIN & PARTNERS

By: _____
Sin Soputhi
Attorney
Sin & Partners

**SIN SOPUTHI**
**Attorney-At-Law**