# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Joshua S. Lipshutz
Direct: +1 202.955.8217
Fax: +1 202.530.9614
JLipshutz@gibsondunn.com

Client: 30993-00080

May 2, 2018

VIA ECF

The Honorable Sallie Kim
Magistrate Judge
United States District Court
Northern District of California
Courtroom A - 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re     *In re Rainsy*, Case No. 18-mc-80024-SK

Dear Magistrate Judge Kim:

Facebook respectfully submits this short response to the letter Applicant filed on May 1, 2018.  Dkt. No. 19.

**A.     The exhibits attached to Applicant's letter are not subject to judicial notice and contradict Applicant's prior representations about the foreign proceedings.**

On May 1, 2018, the Applicant filed a letter and four exhibits with the Court.  The four exhibits purport to be "English translations of the four foreign Cambodian proceedings cited in the Application."  Dkt. No. 19 at 1.  However, the Applicant has never submitted to the Court or provided to Facebook the original Khmer-language versions of Exhibits 1, 3, or 4, and Facebook therefore has no means of verifying the accuracy of the translations.  For that reason, Exhibits 1, 3, and 4 are not proper subjects of judicial notice.  *See* Fed. R. Civ. P. 201(b).

In any event, the newly filed documents confirm that the information the Applicant seeks from Facebook has no connection to the foreign proceedings.  The Application originally asserted that the defamation case against Sam Rainsy concerned "likes" on Hun Sen's page coming from "click farms" outside Cambodia.  *See* Dkt. No. 1 at ¶ 27; Dkt. No. 2 at ¶ 6.  Newly filed Exhibit 1, however, describes the case differently:  According to the complaint, the case arises from statements made by Mr. Sam that a Cambodian official named Som Soeun instructed *Cambodians* to create fake Facebook pages.  Dkt. No. 19-1 at 2 (alleging that Sam Rainsy posted that Som Soeun "instructed [his] officials, supporters and networks – including civil servants, policemen and soldiers – to create fake Facebook

May 2, 2018
Page 2

accounts in order to provide artificial 'Likes' to the Facebook page of [Hun Sen]"). Facebook has no information whatsoever about what Som Soeun may or may not have instructed others to do.  The complaint also mentions "a comment saying that the majority of 'Likes' appearing on [Hun Sen's] Facebook page were obtained from buying or hiring poor people who were jobless to create fake Facebook accounts in order to provide artificial 'Likes' to [Hun Sen]"—again with no allegation that the "likes" came from "click farms" outside Cambodia.  *Id*.  But again, Facebook has no information regarding the economic or employment status of users who "liked" Hun Sen's page, or whether they were bought or hired to do so.

Disclosing the identities of Facebook users who "liked" Hun Sen's page would violate the Stored Communications Act.  *See Bland v. Roberts*, 730 F.3d 368, 386 (4th Cir. 2013) ("likes" are "pure speech" because "clicking on the 'like' button literally causes to be published the statement that the User 'likes' something, which is itself a substantive statement"); *City of Ladue v. Gilleo*, 512 U.S. 43, 56 (1994) ("the identity of the speaker is an important component" of the message).  But it would not shed any light on those users' *reasons* for doing so—the issue we now know is the only one at stake in Mr. Sam's defamation case.

**B.**     **There is no "fraud" exception to the SCA.**

During the April 30 hearing, the Applicant's counsel claimed that there is a "fraud exception" to the SCA.  The Applicant's letter of May 1, 2018 does not remotely support that erroneous contention.  The letter cites 18 U.S.C. § 2511(g)(i) and claims that "likes" may be disclosed because the SCA purportedly "exempt[s] publicly-available content" from protection. Dkt. No. 19 at 1.  However, by its plain language, Section 2511(g)(1) applies only to liability for *intercepting* or *accessing* communications—not to a service provider's duty not to *disclose* users' communications.  18 U.S.C. § 2511(g)(i).[1]  The SCA's prohibition on disclosing user communications contains no exception for publicly available content.  *Id*. § 2702(b).  Furthermore, the information the Applicant seeks is *not* "readily accessible to the general public"—whether a user's "likes" are publicly accessible depends on the user's privacy settings, and many users who "like" other users' posts choose to keep their identity private.

---

[1]  The Stored Communications Act has two separate provisions, one prohibiting members of the public from *accessing* certain information (18 U.S.C. § 2701) and another prohibiting service providers like Facebook from *disclosing* certain information (18 U.S.C. § 2702).  Section 2511(g)(1), by its terms, applies only to the former:  "It shall not be unlawful under this chapter . . . to *intercept* or *access* an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public."  (Emphasis added.)

GIBSON DUNN

May 2, 2018
Page 3

  The letter also cites 18 U.S.C. § 2702(b)(5), which exempts disclosures that are "necessarily incidental to the rendition of the service or to the protection of the rights or property of the provider of that service."  The letter provides no explanation of how disclosing information to Sam Rainsy would be "necessarily incidental" to Facebook's provision of service or protection of property rights.  To the extent the Applicant contends that responding to a civil subpoena is incidental to providing service, Ninth Circuit law is clear that there is no exception to the SCA for civil subpoenas.  *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-72 (9th Cir. 2004); *see also O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441 (2006) (rejecting argument that § 2702(b)(5) authorizes disclosures in response to civil subpoena).

  For these reasons, and the reasons described in Facebook's Opposition Brief, Facebook respectfully requests that the Application be denied.  *See In re Ex. Parte Appl. of Nokia Corp.*, 2013 WL 6073457, at *3 (N.D. Cal. Nov. 8, 2013) (the applicant bears the "burden to come to the court with [a] narrowly-tailored request in the first instance").


Respectfully submitted,

*/s/ Joshua S. Lipshutz*

Joshua S. Lipshutz
GIBSON, DUNN & CRUTCHER LLP
Counsel for Respondent Facebook, Inc.


cc:  All counsel of record (via ECF)